UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ELBERT HUBERT ANDERSON, II, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| v. | ) | No. 1:11-cv-51 |
| | ) | *Chief Judge Curtis L. Collier* |
| SEQUATCHIE COUNTY SHERIFF RONNIE | ) | |
| HITCHCOCK, | ) | |
| | ) | |
|     *Defendant*. | ) | |

## **MEMORANDUM**

Plaintiff Elbert Hubert Anderson, II ("Plaintiff") filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court Doc. 2). On June 20, 2011, the Court issued an order directing Plaintiff to complete the service packet and return it to the District Court Clerk within twenty (20) days from the date of receipt of the order (Court File No. 3). Plaintiff was forewarned that failure to return the completed service packet within the time required could jeopardize his case. The Order was mailed to Plaintiff at the address which he provided to the Court—the Sequatchie County Justice Center. The Order was returned to the Court as refused, with the following notation: "Return to Sender." (Court File No. 4).[1]

Plaintiff has not notified the Court of a current address; thus, preventing the Court from communicating with Plaintiff and preventing Plaintiff from receiving and timely responding to the Court's Order. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with Plaintiff and the Court's

---

[1] Upon inquiry as to why the mail was refused, the jailer at the Sequatchie County Justice Center explained Plaintiff was released on June 22, 2011.

interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Plaintiff due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court. *See* Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**